Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7885 | DATE | 3/23/2000 |
| CASE TITLE | Does vs. Franco Productions et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for an extension of time to answer defendant's motion to dismiss, is granted to March 30, 2000. Defendant's reply due April 6, 2000. Status hearing and ruling set for April 20, 2000 to stand.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 21

Separator Page for Case Number 1:99-cv-02419
Document Number: 69
Docketed By: tlm





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2419 | **DATE** | 3/22/2000 |
| **CASE TITLE** | | Mortenson vs. National Union Fire | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Bill of Costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Any objections to defendant's bill of costs to be filed by April 12, 2000. Defendant's bill of costs is taken under advisement.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 24 2000 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TP/WCS | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Separator Page for Case Number 1:00-cv-01519
Document Number:  5
Docketed By:  tlm





Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1519 | **DATE** | March 23, 2000 |
| **CASE TITLE** | Derrick Williams (#0067079) v. Deputy Sheriff Parker #4705 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  The court denies plaintiff's motion for appointment of counsel for failure to make a showing that he has made reasonable efforts to retain counsel or was effectively precluded from making such efforts. Plaintiff indicates that he contacted the American Bar Association and Illinois State Bar Association, but these are not law firms that may be retained by an individual. In addition, the court finds that attempting to contact law firms by collect telephone calls does not constitutes "reasonable efforts" to retain counsel." *See Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).

*Suzanne B. Conlon*

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 — date docketed |
| X | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| CAC | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 5

Separator Page for Case Number 1:98-cv-05909
Document Number: 77
Docketed By: tlm





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 5909 | DATE | 3/23/2000 |
| CASE TITLE | Nielson vs. Dickerson et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff's motion for preliminary approval of the Class Settlement Agreement is granted. Enter Preliminary Approval Order. Fairness Hearing set for June 8, 2000 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| ☐ Notices mailed by judge's staff. | |
| ☐ Notified counsel by telephone. | MAR 2 4 2000 |
| ✓ Docketing to mail notices. | docketing deputy initials |
| ☐ Mail AO 450 form. | |
| ☐ Copy to judge/magistrate judge. | date mailed notice |
| SCT courtroom deputy's initials | |
| | Date/time received in central Clerk's Office — mailing deputy initials |

Document Number: 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN L. NIELSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 98 C 5909 |
| v. ) | |
| ) | Judge Kocoras |
| DAVID D. DICKERSON, DAVID ) | |
| D. DICKERSON & ASSOCIATES, ) | Magistrate Schenkier |
| A PROFESSIONAL CORPORATION, ) | |
| and HOUSEHOLD CREDIT ) | |
| SERVICES, INC., and JOHN DOES ) | |
| 1-10, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**
MAR 2 4 2000

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of Plaintiff, Ann L. Nielsen ("Plaintiff"), individually and on behalf of a class of persons similarly situated, Defendants, David D. Dickerson and David D. Dickerson & Associates (collectively "Dickerson"), and Household Credit Services, Inc., ("Household"), for preliminary approval of the Class Settlement Agreement and Notice of Class Settlement, due notice having been provided, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed Class Settlement Agreement was reached in good faith after arms-length negotiation between the parties and that the settlement represents a fair, reasonable and adequate compromise of the claims asserted in this case. Accordingly, the Court grants preliminary approval of the Class Settlement Agreement and all its terms.

EXHIBIT B

774101/634506.1-HC01_DS2A

2. The Court recognizes that Defendants expressly reserve their right to appeal any aspect of Judge Kocoras' Memorandum Opinion dated September 8, 1999, except class certification and damages, as more fully set forth in ¶ 13 of the Class Settlement Agreement attached as Exhibit A to the Motion for Preliminary Approval. In sum, the parties have agreed that Plaintiff and the Class Members will recover only if the trial judge's finding of liability is affirmed as to one or more of the Defendants, and Defendants will pay nothing if the trial judge is reversed. Thus, the Court finds that a case or controversy continues to exist as to Defendants' liability notwithstanding the fact that a settlement has been reached regarding the issue of damages.

3. On May 19, 1999, the Court certified a class under Fed.R.Civ.P. 23(b)(3) which consists of all persons who satisfy the following criteria:

    a. All natural persons;

    b. Who were sent a collection letter on David D. Dickerson & Associates letterhead and signed by David D. Dickerson;

    c. At an Illinois address.

    d. In connection with an attempt to collect a debt which, according to the Defendants' records or the nature of the debt or the creditor, is a non-business debt;

    e. That was not returned by the Postal Service;

    f. On or after September 22, 1997.

    g. On July 15, 1999, the Court limited the class to those individuals identified as class members by Defendants as of that date.

On July 20, 1999, a Notice of Class Action was sent by Plaintiff's counsel to certain identified Class Members. Of the 3,504 Notices sent, 334 were returned as undeliverable. Within the period prescribed by the Notice, one (1) class member elected to opt out.

    4.    On March 30, 1999, this Court granted Plaintiff's Motion for Class Certification and made the following findings which it now restates for settlement purposes, taking into account the settlement terms, the Court's March 30, 1999 order, and considering the class certification requirements of Fed. R. Civ. P. 23(a) and (b)(3), settlement-only class certification is warranted because:

    a.    The settlement class is so numerous that joinder of all members is impractical;

    b.    There are questions of law and fact common to the settlement class that predominate over any questions affecting only individual class members. The principal question common to the settlement class is each class member's right to the proceeds of the settlement based on the Court's September 8, 1999 finding that Defendants subjected themselves to and violated the FDCPA. The only individual questions concern ministerial computation of their proceeds form the settlement;

    c.    Plaintiff's claims are typical of the other class members in that the same ministerial procedures can be used to determine their rights to the proceeds of the settlement as are used for other class members; and

    d.    Plaintiff will fairly and adequately protect the interests of the class. She is committed to vigorously litigating this matter. She has retained counsel experienced in handling class claims and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim. The settlement terms agreed to by Plaintiff do not prejudice absent class members for her benefit or the benefit of other class members.

774101/634506.1-HC01_DS2A

5. The Court approves the proposed form of Notice of Class Settlement Exhibit B of the Motion for Preliminary Approval, to be directed to the last known addresses of the Class Members as shown in Defendant's records. However, notice need only be sent to those class members previously found when notice was previously sent in this case. Defendants or their designee will send the Notice of Class Settlement by first class mail to the Class Members within thirty days of the entry of this Order, by _APRIL 22, 2000_. Any Notice of Class Settlement returned with a forwarding address will be remailed by Defendants or their designee. Within 45 days after entry of this Order, by _MAY 7, 2000_, Defendants' counsel will file an affidavit with the Court attesting that Notice of Class Settlement has been mailed to all Class Members.

6. The Court finds that mailing of the Notice of Class Settlement and the other measures specified above to locate and notify Class Members is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

7. Any Class Members who wish to object to the settlement must submit an objection or request for exclusion in writing to the Clerk of the District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection or request for exclusion on counsel for both parties within 60 days after the mailing of the class notices, by _MAY 22, 2000_ in accordance with the instructions contained in the Notice of Class Settlement.

8. A final hearing on the fairness and reasonableness of the Class Action Settlement Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on _JUNE 8_ ,2000 at _9:30 a_.m.

ENTER:

*Charles P. Kocoras*

Judge Charles P. Kocoras
United States District Judge

Dated: **MAR 2 3 2000**

Separator Page for Case Number 1:99-cv-03109
Document Number: 5
Docketed By: tlm





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS6

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3109 | **DATE** | 3/23/2000 |
| **CASE TITLE** | BUSINESS OFFICE SYSTEMS, INC. vs. SHAWN BROWN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for default judgment is granted. Enter Judgment Order in favor of plaintiff and against defendant in the amount of $1,560,368.22 and attorneys fees, costs and expenses in the amount of $22,585.50. All pending dates and motions are terminated as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUSINESS OFFICE SYSTEMS, INC., )
an Illinois corporation, )
 )
        Plaintiff, )
 )
v. ) No. 99 C 3109
 )
SHAWN BROWN, )
 )
        Defendant. )

**DOCKETED**

**ORDER**

MAR 2 4 2000

    THIS CAUSE COMING TO BE HEARD on plaintiff's Motion For Default Judgment, due notice having been given and the Court having reviewed the motion and supporting affidavits and exhibits and otherwise being advised in the premises;

    IT IS HEREBY ORDERED that:

    (1) Judgment is entered in favor of Plaintiff Business Office Systems, Inc. and against defendant Shawn Brown;

    (2) Defendant Shawn Brown, and all those in active participation with him, are hereby permanently enjoined and restrained from:

        (a) Using the name or domain name of Business Office Systems or any other name which gives rise to a likelihood of confusion, mistake, or deception with respect to plaintiff Business Office Systems, Inc. or its domain name, bos.com; and

        (b) Doing any other act likely to induce the belief that defendant Shawn Brown's products, services, or information are in any way connected or associated with Business Office Systems, Inc. or its products;

    (3) Plaintiff Business Office Systems, Inc is awarded damages in the total amount of $1,560,368.22, as follows:

        (a) compensatory damages in the amount of $37,782.72,

        (b) punitive damages in the amount of $1.5 million, and

    (c) attorney's fees, costs and expenses in the amount of $22,585.50.

Dated: March 23, 2000

                                                                       *[signature]*
                                                                       District Court Judge

Prepared by:

Catherine A. Van Horn
Davidson Mandell & Menkes
303 West Madison Street
Suite 1900
Chicago, Illinois 60606
(312) 251-1000

Attorney for Plaintiff
Business Office Systems, Inc.