Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7885 | **DATE** | 4/20/2000 |
| **CASE TITLE** | Does vs. Franco Productions et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 5/11/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** GTE, as an interactive computer service provider, is immune from suit under 47 U.S.C. §230. Accordingly, the court grants its motion (Doc 14-1) to dismiss. PSINet's motion to dismiss plaintiffs' First Amended Complaint as to PSINet is granted. Plaintiffs' oral motion for leave to file an amended complaint is presently granted. Said amended complaint to be filed by April 27, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 21 2000 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOES 1 through 30 inclusive, and Illinois State University Football Players,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCO PRODUCTIONS, DAN FRANCO, Individually and d/b/a FRANCO PRODUCTIONS, GEORGE JACHEM, Individually and d/b/a RODCO, R.D. COUTURE, Individually and d/b/a RODCO, RODCO, HIDVIDCO, HIDVIDCO-ATLAS VIDEO RELEASE, DEREK ROBERTS, Individually and d/b/a AMO VIDEO, AMO VIDEO LOGAN GAINES ENTERTAINMENT, LOGAN GAINES, Individually and d/b/a LOGAN GAINES ENTERTAIMENT, MARVIN JONES Individually and d/b/a CAMPFIRE VIDEO, CAMPFIRE VIDEO, LEO MARTIN, Individually and d/b/a GAMEPORT, GAMEPORT, JAY HENNIGAN, Individually and d/b/a WESTNET COMMUNICATIONS, WESTNET COMMUNICATIONS, ALAN GOULD, BRAD THEISSEN Individually and d/b/a D.I.Y./ TRIANGLE VIDEO, D.I.Y./ TRIANGLE VIDEO, KEVIN GLEASON, Individually and d/b/a CAL VIDEO, TVRP, PSI NET, Individually and d/b/a TIAC.NET, GTE, Individually and d/b/a GTE INTERNETWORKING d/b/a GENUITY.NET, RICK GREENSPAN, LINDA HERMAN, and DAVID STRAND,<br><br>Defendants. | 99 C 7885 |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on defendants Genuity.net, GTE Internetworking, and GTE Corporation's ("GTE") motion to dismiss pursuant to a claim of statutory immunity. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

The plaintiffs in this matter were intercollegiate athletes who, without their knowledge or consent, were videotaped in various states of undress by hidden cameras in restrooms, locker rooms, or showers. The resulting videotapes were sold by various means, including a Web site hosted by Genuity.net that included still images of the plaintiffs taken from the videotapes. At no time did any of the plaintiffs authorize the use of their images; in fact, they did not learn of the existence of the videotapes or that they were available for purchase until a newspaper article detailed the operation. They instituted this action to obtain monetary damages and injunctive relief against the defendants for intrusion into the plaintiffs' seclusion. GTE now moves this court to dismiss the claim against it pursuant to Fed. R. Civ. P. 12(b)(6).

## **LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 510 U.S. 1012, 114 S. Ct. 602, 126 L. Ed. 2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893, 113 S. Ct. 267, 121 L. Ed. 2d 196 (1992). With these principles in mind, the Court evaluates GTE's motion.

## DISCUSSION

In response to the explosion of the Internet into the American mainstream in the early and mid 1990s, Congress enacted the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230. The CDA stated in clear and concise terms Congress' wish that the Internet continue to develop and flourish. 47 U.S.C. § 230 (b). To prevent the expense of litigation from stunting the growth of the Internet, Congress limited tort liability for Internet content to parties who had created or developed that content; parties who merely provided access to content would be immune from liability for the content accessed via their services. 47 U.S.C. §§ 230 (c)(1), (e).

Several sections of the CDA are relevant to this case. The statute provides that no interactive computer service provider ("service provider") shall be treated as the publisher or speaker of any information provided by an information content provider ("content provider"). 47 U.S.C. § 230(c)(1). Section 230(f)(2) defines a service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server...." By contrast, section 230(f)(3)

defines a content provider as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service. In addition, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). GTE's sole contention in this motion to dismiss is that, although it hosted the Web site that offered the videotapes for sale, it in no way contributed to the creation or development of the images in question, and therefore, it is immune from suit under sections 230(c)(1) and (e)(3).

The plaintiffs respond that despite the fact that GTE provided the technical support and server space that are the hallmark of service providers, GTE was not a service provider. Plaintiffs are working under numerous mistaken impressions. First, plaintiffs seem to argue that to qualify as a service provider under the CDA, an entity must either be America Online or at least approximate its size. Second, plaintiffs argue that Web hosts do not qualify for immunity under the CDA because the content that they would be required to police may not change as often as that available from email services, bulletin board systems, and chat rooms. Third, plaintiffs claim that

in order to be a service provider, a party must provide physical access, that is, phone lines, to its users. This court finds no support in the CBA suggesting that immunity depends on any of these conditions. On the contrary, such a crabbed interpretation of Congress' words would eviscerate the statute's purpose, namely to relieve "*any* information service, system, or access software provider" (emphasis added) from the burden of liability for content posted by others. 47 U.S.C. § 230(f)(2). Fourth, plaintiffs seem to assert that under the CDA, one must be either a service provider or a content provider. A common sense reading of the applicable definitions proves, however, that these categories are not mutually exclusive. See also Ben Ezra, Weinstein, and Co., Inc. v. America Online, Inc., No. 99-2068, 2000 WL 275543, at *2, n.4 (10th Cir. 2000). Therefore, plaintiffs' claim that GTE is not immune under the CDA because it is not a service provider fails.

Plaintiffs' only viable argument, then, is that GTE acted as both a service provider and a content provider with regard to the images posted on the Web site. However, GTE was not involved in the placing of the hidden cameras and the creation of the videotapes, and plaintiffs do not claim otherwise. In their complaint, plaintiffs nevertheless assert that GTE was a

part of the development of the information on the Web site on which the videotapes were sold because it exercised editorial oversight over the site. Only a handful of cases have dealt with the issue of when a party in GTE's position is involved enough with information available over the Internet to be considered part of its creation or development, and even fewer were decided after Congress passed the CDA.

In Zeran v. America Online, Inc., 129 F.3d 327 (4th Cir. 1997), the Fourth Circuit addressed the question of whether a service provider who received notice of defamatory material was liable to the defamed party for not removing the material and not screening for additional defamatory material. In holding the provider still immune under 47 U.S.C. § 230, the court observed, "§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.... [L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred." Id. at 330. See also Ben Ezra, 2000 WL 275543, at *4-5 (holding that § 230 forbids imposition of liability for exercise of editorial functions). In addition,

immunity is not limited to service providers who confine their activity to editorial exercises. On the contrary, "Congress...provid[ed] immunity even where the interactive service provider has an active, even aggressive role in making available content prepared by others." Blumenthal v. Drudge, 992 F. Supp. 44, 52 (D.D.C. 1998). Despite these clarifications on the extent of immunity under the CDA, plaintiffs argue that GTE's editorial and supervisory rights create an issue of fact as to GTE's responsibility for the wording and/or layout of the pages on the Web site in question. Assuming *arguendo* that the exercise or mere existence of editorial and supervisory rights were to preclude immunity, the source of the plaintiffs' complaint is the images that appear on the Web site and the videotapes offered there for sale. This court is at a loss to understand how GTE's alleged role in the descriptions or presentation of the images on the Web site impact the creation or development of the images and videotapes themselves. For all these reasons, the plaintiffs have failed to show any reason why the immunity conferred by the CDA would not apply to GTE in this case.

Finally, the plaintiffs argue that this case differs from those cited above because those cases involved defamation, and this case involves invasion of

privacy. They rely on United States v. Thomas, 74 F.3d 701 (6th Cir. 1996) to support their contention that the above cited cases do not apply. In Thomas, a husband and wife were convicted on obscenity charges for pornographic images they made available over their privately run bulletin board system. Id. at 704. However, their reliance on this case is misplaced for three reasons. First, the facts of Thomas clearly establish that even if the CDA had been in force and the case pertained to civil liability, the Thomases would have been both service providers and content providers, thus precluding immunity under 47 U.S.C. § 230 and factually distinguishing Thomas from the case at bar. Second, at the time the Sixth Circuit decided Thomas, Congress had not yet enacted the CDA. Third, Thomas involved criminal obscenity charges, not civil liability for invasion of privacy. By its clear language, the CDA bars any cause of action or liability under any State or local law inconsistent with the statute but leaves intact the criminal law that gave rise to the charges in Thomas. 47 U.S.C. §§ 230 (e)(1), (3). Claims included under the CDA are therefore clearly not limited to defamation but extend to causes of action based in invasion of privacy, and plaintiffs' argument fails.

## CONCLUSION

For the reasons set forth above, GTE, as an interactive computer service provider, is immune from suit under 47 U.S.C. § 230. Accordingly, the court grants its motion to dismiss.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Court Judge

Dated: April 20, 2000