Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7885 | **DATE** | 6/21/2000 |
| **CASE TITLE** | Does vs. Franco Productions et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** Defendant PSINet's and GTE's motion (Doc 43-1) to dismiss is granted. Ruling on all other pending motions set for July 12, 2000 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 2 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | SCT  courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOES 1 through 30 inclusive, and Unknown Illinois State University Football Players, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 99 C 7885 |
| FRANCO PRODUCTIONS, DAN FRANCO, individually and d/b/a FRANCO PRODUCTIONS, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
JUN 22 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant PSINet's and GTE's motion to dismiss Plaintiffs' third amended complaint. For the reasons set forth below, the Court grants Defendants PSINet's and GTE's motion.

## BACKGROUND

The Plaintiffs in this matter were intercollegiate athletes who, without their knowledge or consent, were videotaped in various states of undress by hidden cameras in restrooms, locker rooms, or showers. The resulting videotapes were sold by various means, including web sites hosted by Genuity.net and TIAC.Net that

included still images of the Plaintiffs taken from the videotapes. At no time did any of the Plaintiffs authorize the use of their images; in fact, they did not learn of the existence of the videotapes or that they were available for purchase until a newspaper article detailed the operation. They instituted this action to obtain monetary damages and injunctive relief for intrusion into the Plaintiffs' seclusion against the defendants, the alleged producers and distributors of the videotapes, and against defendants GTE Corporation and GTE Internetworking (together "GTE") and PSINet Inc. ("PSINet"), the respective successors to Genuity.net and TIAC.Net. The Court dismissed Plaintiffs' previous complaint against GTE, finding that GTE was a service provider and therefore immune from suit under the Communications Decency Act of 1996, 47 U.S.C. §230 (the "CDA"). The Court also granted PSINet's oral motion to dismiss on April 20, 2000 for the same reason. After the Court granted leave to amend, Plaintiffs filed their third amended complaint. They re-alleged their previous claims, this time making their allegations against GTE and PSINet in their capacity as web site hosts. Plaintiffs also added a third-party beneficiaries claim, a public nuisance claim, and a claim for eavesdropping under the Electronic Communications Privacy Act, 18 U.S.C. §2511(a) (the "EDPA"). Presently, GTE and Defendant PSINet move this court to dismiss the third amended complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

- 2 -

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), cert. denied, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleading

as exhibits are considered part of the pleadings for all purposes. See Fed. R. Civ. P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that the Court evaluates the present motion.

## DISCUSSION

Defendants GTE and PSINet move to dismiss Plaintiffs' third amended complaint, alleging that Plaintiffs amended their previous complaint to add allegations beyond those permitted by the Court when it granted Plaintiffs leave to amend. Defendants GTE and PSINet also argue that Plaintiffs' third amended complaint exceeds the boundaries of pleading provided by Federal Rule of Civil Procedure 11. In addition, Defendants GTE and PSINet assert that the allegations in Plaintiffs' third amended complaint fail to state a claim.

## I. Improper Amendment and Rule 11

The Court agrees with Defendants GTE and PSINet that Plaintiffs amended their complaint to an extent beyond which Plaintiffs represented they were seeking leave to amend. Although the Court looks disfavorably on parties who do not follow

- 4 -

the spirit of its orders, the Court is unwilling to dismiss claims that may state viable causes of action solely on this basis.

Defendants GTE and PSINet also claim that Plaintiffs' pleadings made "on information and belief" do not conform with Rule 11. Although the Federal Rules allow liberal notice pleading, they do not "allow a plaintiff to abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief." Murphy v. White Hen Pantry Co., 691 F.2d 350, 353 (7th Cir. 1982). Allegations made on "information and belief" are usually sufficient to meet the requirements of Rule 8. See Chisolm v. Foothill Capital Corp., 940 F. Supp. 1273, 1280 (N.D. Ill. 1996), citing Hall v. Carlson, 1985 WL 2412, at *1 (N.D. Ill. Aug. 28, 1985). Nevertheless, Rule 11 tempers the liberal pleading standards in federal court. See Chisolm, 940 F. Supp. at 1280. Rule 11 requires attorneys to conduct a "reasonable inquiry" into the facts and law of a complaint before filing it with the court. See id. (citations omitted); Fed.R.Civ.P. 11(b). The Advisory Committee Notes to the 1993 amendments to Rule 11 provide:

> Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, make claims, or present defenses without any factual basis or justification. Fed.R.Civ.P. 11, 1993 Advisory Committee Notes.

- 5 -

Plaintiffs push the boundaries of Rule 11 by making such general and nonspecific allegations with respect to GTE and PSINet, which suggest that Plaintiffs did not conduct a reasonable preliminary inquiry before filing its third amended complaint.

For example, Plaintiffs allege:

> As web site hosts, GTE and PSI engage in varying degrees of designing or creating or maintaining the web site, ranging anywhere from completely creating, writing, organizing and originally editing content before it is posted and changing, updating, adding or deleting content thereafter, to providing the template or architecture of the web site. The exact degree of involvement by GTE and PSI in creating and designing the web sites at issue is known only to the defendants and cannot be ascertained by the Plaintiffs without the right of discovery, but after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that GTE and PSI were responsible at least in part for the creation or development or design of the web site or web pages, including the web pages which advertised the videos for sale.

Essentially, Plaintiffs are alleging that they have no idea what GTE and PSINet do in their capacity as web hosts and it could be just about anything, but if given the opportunity, Plaintiffs can figure out what GTE and PSINet do, and it will probably include at least partial responsibility for the creation or development or design of the web site or web pages, based upon which Plaintiffs seek to hold GTE and PSINet liable. Plaintiffs further allege in their third amended complaint, "depending on the exact range of involvement in the creation or design of the web site, GTE and PSI may have created or designed actual content of the web site." This allegation

suggests that Plaintiffs do not even possess a current belief based on any information that GTE or PSI did create or design the actual content of the web site, but rather, they hope and speculate that they may be able to demonstrate it if they end up uncovering certain information. Moreover, Plaintiffs arguments in its response to GTE's and PSINet's motion to dismiss, seem to confirm that Plaintiffs do not have a reasonable belief that GTE and PSINet created the web site or contributed to its contents, but rather that it is probable that GTE and PSINet helped provide the framework necessary for others to create a web site. Thus, Plaintiffs argue that "the Host Server Defendants in their capacity as such more likely than not helped to create the web site, including by developing the graphics, the photo utilization, and the information and materials related to credit card transactions necessary to the sale for the illegal videotapes."

These allegations press the limits of the liberal pleading standards and come up against the provisions of Rule 11. They indicate little preliminary inquiry by Plaintiffs into their allegations before filing their third amended complaint and little known information upon which to base belief in certain factual allegations. However, the Court will not dismiss Plaintiffs' third amended complaint for its stretching of Rule 11's provisions. Sanctions are the appropriate remedy for violation of Rule 11, not dismissal. See Chisolm, 940 F. Supp. at 1280-81. Because, however, the Court does

- 7 -

not find that Plaintiffs' allegations are insufficient to place Defendants GTE and PSINet on notice as to the nature of Plaintiffs' claims, the Court will not dismiss Plaintiffs' third amended complaint based on pleading deficiencies under Rule 8. <u>See</u> Fed.R.Civ.P. 8; <u>Veazey v. Communications & Cable of Chicago, Inc.</u>, 194 F.3d 850, 854 (7th Cir. 1999).

## II. Failure to State a Claim

### A. Immunity under the CDA

Plaintiffs assert that they are not seeking to hold GTE and PSINet liable as publishers or speakers of information provided by another under §230(c)(1), thus whatever immunity that section may supply is irrelevant. Rather, Plaintiffs assert that it is seeking to hold GTE and PSINet liable for their "own conduct" in "knowingly failing to restrict content" under §230(c)(2). Section 230(c)(2) provides immunity to those who restrict or enable restriction to objectionable material. <u>See</u> 47 U.S.C. §230(c). Thus, Plaintiffs reason because GTE and PSINet did not restrict or enable restriction of objectionable material, they are not entitled to immunity under this section. However, what Plaintiffs ignore is that by seeking to hold GTE and PSINet liable for their decision not to restrict certain content it is seeking to hold them liable in a publisher's capacity. Section 230(c)(1) provides, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any

- 8 -

information provided by another information content provider." This "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service ... lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions–such as deciding whether to publish, withdraw, postpone or alter content–are barred." See Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997); see also Ben Ezra, Weinstein, and Co. v. America Online, Inc., 206 F.3d 980, 985-86 (10th Cir. 2000) (§230 forbids imposition of liability for exercise of editorial functions). Thus, because Plaintiffs seek to hold GTE and PSINet liable for their "own conduct" as publishers, GTE and PSINet may avail themselves of the CDA's immunity in this action under §230(c)(1).

Moreover, Plaintiffs have recast the dismissed claims raised in their previous complaint by alleging that they are bringing the instant suit against GTE and PSINet in their capacity as "web site host[s]" rather than service providers. In this capacity as web hosts, Plaintiffs claim that GTE and PSINet acted as "information content provider[s]" and would, thus, not be immune from suit under the CDA. GTE and PSINet argue that Plaintiffs' amended claims still fail to state a claim because web site hosting activities are immunized under the CDA.

- 9 -

The Court agrees with Defendants GTE and PSINet. The CDA creates federal immunity against any state law cause of action that would hold computer service providers liable for information originating from a third party. See Franco Productions, No. 99 C 7885, at *4-5 (unpublished Apr. 20, 2000); Ben Ezra, 206 F.3d at 984-85. After the Court ruled that GTE as a service provider is immune from suit under the CDA, Plaintiffs severed out and focused on the allegedly separate role of web host played by GTE and PSINet, claiming that a suit against an entity based on its capacity as a web host is not barred by the CDA. This is because as web hosts GTE and PSINet are "information content provider[s]" according to Plaintiffs. Thus, Plaintiffs essentially argue that although GTE and PSINet are acting as service providers, they are also content providers in their role as web hosts and that in its third amended complaint Plaintiffs only seek to hold GTE and PSINet liable in their separate capacity as content providers as manifested in their role as web hosts. However, not only did the Court previously find that GTE was acting as a service provider for purposes of this action, but the Court specifically rejected the notion that GTE was acting as a content provider in this action as well. See Franco Productions, No. 99 C 7885, at *7. The Court reiterates its previous holding finding GTE, and now similarly PSINet, service providers whose immunity or status as service providers under the CDA is not vitiated because of their web hosting activities, whether viewed in combination with their roles

- 10 -

as service providers or in isolation. Immunity under the CDA is not limited to service providers who contain their activity to editorial exercises or those who do not engage in web hosting, but rather, "Congress ... provid[ed] immunity even where the interactive service provider has an active, even aggressive role in making available content prepared by others." Blumenthal v. Drudge, 992 F. Supp. 44, 52 (D.D.C. 1998).

Thus, Plaintiffs' new characterization of GTE's and PSINet's activities as web hosts do not alter this finding. The deficiency in Plaintiffs' allegations is the notion that involvement in web hosting activities transforms an entity into an information content provider. Plaintiffs believe that by focusing on Defendants GTE's and PSINet's web hosting activities, GTE and PSINet can essentially be characterized as information content providers. However, Plaintiff has pointed to no authority which provides that involvement in these web hosting activities makes an entity an information content provider.

Perhaps the Court is obtuse in its consistent "misunderstanding of Plaintiffs' cause of action," but it is still "at a loss to understand how GTE's [and PSINet's] role[s] in the descriptions or presentation of the images on the Web site impact the creation or development of the images and videotapes themselves." Franco Productions, No. 99 C 7885, *8-9. Plaintiffs' explain that "the culpable conduct is not

- 11 -

only the taking of the videotapes but also disseminating them on the Internet and **offering them for sale and selling them.** The Plaintiffs were harmed, not just by the posting of their illegally taken images on the web page, but also by the sale and dissemination of the videotapes because of the web page." (Emphasis in original) This makes no clearer Plaintiffs' theory that GTE and PSINet were somehow content providers. Plaintiffs do not allege that GTE or PSINet themselves sold or offered for sale the videotapes at issue. Plaintiffs simply allege that GTE and PSINet, as web hosts, provided a medium through which others could sell or offer for sale the videotapes at issue. However, by offering web hosting services which enable someone to create a web page, GTE and PSINet are not magically rendered the creators of those web pages. <u>See</u> 47 U.S.C. (c)(1).

As such, Plaintiffs' new characterization of GTE and PSINet as web hosts neither prevents these defendants from being deemed service providers protected by immunity under the CDA nor makes them content providers unprotected by the CDA's immunity. Moreover, this immunity extends to Plaintiffs' newly alleged public nuisance claim.

In addition, Plaintiffs' claims for injunctive relief, although not precluded by the CDA, fail to state a claim. <u>See</u> <u>Mainstream Loudoun v. Board of Trustees</u>, 24 F. Supp. 2d 552, 561 (E.D. Va. 1998). Plaintiffs fail to elucidate what activities of GTE and

PSINet they seek to enjoin. It appears that the offending images at issue are no longer available on any web site hosted by GTE or PSINet. Moreover, Plaintiffs do not suggest that there is a likelihood that GTE or PSINet will engage in any offending activity against Plaintiffs. As such, Plaintiffs have failed to make allegations that would demonstrate their entitlement to injunctive relief.

### B. Third-Party Beneficiary Claim

Plaintiffs base their intended third-party beneficiaries claim on the contracts between GTE and PSINet and the other defendants in this action, which provide that the other defendants would not use the services of GTE and PSINet to violate federal or state law, or infringe the rights or others, or distribute child pornography or obscenity over the Internet. Plaintiffs reason that because the contract provides that the other defendants would not infringe the rights "of others," Plaintiffs are intended third-party beneficiaries because they qualify as "others." This is insufficient to state a claim as an intended third-party beneficiary. Plaintiffs must allege express language in the contract identifying the third-party beneficiary or imply a showing where "the implication that the contract applies to third parties [is] so strong as to be practically an express declaration." Quinn v. McGraw-Hill Companies, Inc., 168 F.3d 331, 334 (7th Cir. 1999). Plaintiffs' allegations fail to accomplish this. Accordingly, Plaintiffs fail to state a claim as third-party beneficiaries.

## C. Eavesdropping Claim

Plaintiffs seek to hold Defendants GTE and PSINet liable for eavesdropping under the ECPA. Although the CDA does not preclude an action under the ECPA, see 47 U.S.C. §230(e)(4), Plaintiffs' allegations fail to state a claim. Plaintiffs allege that GTE and PSINet "endeavored to disclose, or knowingly aided and abetted, the intentional disclosure or endeavor to disclose [sic] the oral communications of the Plaintiffs." However, Plaintiffs factual allegations with respect to GTE and PSINet belie the notion that GTE or PSINet themselves endeavored to disclose any intercepted communication. See Arazie v. Mullane, 2 F.3d 1456, 1465 (7th Cir. 1993) (court is not required to ignore facts alleged in complaint that undermine plaintiff's claim). Plaintiffs do not allege that GTE or PSINet themselves posted any of the communications at issue on the web sites or that they in any way endeavored to disclose any such images. Rather, Plaintiffs allegations suggest that GTE and PSINet as service providers were merely acting as conduits. See United States v. Jackson, 208 F.3d 633, 637 (7th Cir. 2000) (Internet service providers are merely conduits). Thus, Plaintiffs are left to resort to creating a new cause of action–"aid[ing] and abett[ing] the intentional disclosure" or endeavoring to disclose oral communications. See 18 U.S.C. §2511. The ECPA does not recognize such a cause of action. Accordingly, Plaintiffs have failed to state a claim under the ECPA.

- 14 -

## CONCLUSION

For the reasons set forth above, the Court grants Defendants GTE's and PSINet's motion to dismiss.

Charles P. Kocoras
United States District Judge

Dated: _____June 21, 2000_____