Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7885 | DATE | 6/20/2001 |
| CASE TITLE | Does vs. Franco Productions et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiffs' motion for reconsideration is granted. The Court certifies a class pursuant to Rule 23(b)(2) with respect to the injunctive relief sought by Plaintiffs. With respect to the portion of the case seeking monetary damages, however, we decline to certify a class action. Instead, each action will proceed individually. This resolution comports with the relevant rules and case law and accommodates Plaintiffs' desires as set forth on page five of their motion memorandum. Plaintiff to move for default judgment as to remaining defendants.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 21 2001 | |
| | Notified counsel by telephone. | | date docketed | 71 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUN 20 PM 4: 59 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOES 1 through 30 inclusive, and Unknown Illinois State University Football Players, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 99 C 7885 |
| FRANCO PRODUCTIONS; DAN FRANCO, Individually and d/b/a Franco Productions; GEORGE JACHEM, Individually and d/b/a Rodco; R.D. COUTURE, Individually and d/b/a Rodco, RODCO; HIDVIDCO; HIDVIDCO-ATLAS VIDEO RELEASE; DEREK ROBERTS, Individually and d/b/a/ AMO Video; AMO VIDEO; LOGAN GAINES ENTERTAINMENT; LOGAN GAINES, Individually and d/b/a Logan Gaines Entertainment; MARVIN JONES, Individually and d/b/a Campfire Video; CAMPFIRE VIDEO; LEO MARTIN, Individually and d/b/a Gameport; GAMEPORT; JAY HENNIGAN, Individually and d/b/a Westnet Communications; WESTNET COMMUNICATIONS; ALAN GOULD; BRAD THEISSEN, Individually and d/b/a D.I.Y./Triangle Video; D.I.Y./TRIANGLE VIDEO; KEVIN GLEASON, Individually and d/b/a Cal Video; CAL VIDEO; TVRP; PSI NET, Individually and d/b/a TIAC.Net; GTE, Individually and d/b/a GTE Internet Working d/b/a Genuity.Net; RICK GREENSPAN; LINDA HERMAN; and DAVID STRAND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DOCKETED JUN 2 1 2001 |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

Before the Court is the motion to reconsider of Plaintiffs John Does 1 Through 30 Inclusive and Unknown Illinois State University Football Players. Plaintiffs ask us

to reconsider our ruling of April 12, 2001, granting their motion for class certification and certifying the class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. In support of this motion, they raise several concerns about the conduct required of them in order to satisfy the notice requirements of Rule 23(b)(3). In light of the sensitive allegations in this case, we can understand Plaintiffs' concerns. Accordingly, we have reconsidered the class certification issue.

Plaintiffs seek injunctive relief and monetary damages. They also desire to avoid the notice and opportunity to opt out required by Rule 23(b)(3) because of the delicate nature of this litigation. These dual desires – the pursuit of monetary damages but aversion to notice and opt-out provisions – can pose a predicament. Generally speaking, where plaintiffs seek money damages for their injuries, the Supreme Court has "stressed that proper interpretation of Rule 23, principles of sound judicial management, and constitutional considerations (due process and jury trial), all lead to the conclusion that in actions for money damages class members are entitled to personal notice and opportunity to opt out." Jefferson v. Ingersoll Int'l, Inc., 195 F.3d 894, 897 (7th Cir. 1999) (citing Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999)). This general requirement may only be lifted where individual suits would confound the interest of other plaintiffs. See id.; see also Fed. R. Civ. P. 23(b)(1), 23(b)(2). Examples of such suits are where a limited fund must be distributed ratably among

stakeholders (making certification appropriate under Rule 23(b)(1)), or where an injunction would affect everyone alike (making certification appropriate under Rule 23(b)(2)). Both subsections have limited application, however, and both the Supreme Court and the Seventh Circuit have discouraged "creative use" of these two subsections in order to "override the rights of class members to notice and an opportunity to control their own litigation." Id. (citing Ortiz, 527 U.S. 815 (1999)).

Neither Rule 23(b)(1) nor Rule 23(b)(2) furnishes an appropriate basis for class certification in the case at bar. Because no limited fund is at play, nor would individual suits confound the interest of other plaintiffs, Rule 23(b)(1) does not apply. Furthermore, Rule 23(b)(2) cannot encompass the entire litigation, since Plaintiffs seek money damages as well as injunctive relief. The Seventh Circuit has held that certification of a class under Rule 23(b)(2), without notice or opportunity to opt out, is impermissible unless the requested monetary damage is "incidental" to the requested injunctive relief. See Lemon v. International Union of Operating Engineers, 216 F.3d 577, 581 (7th Cir. 2000) (vacating certification of a class under Rule 23(b)(2) where requested monetary damages were not incidental to the requested equitable relief). The term "incidental" is defined narrowly as "damages that flow directly from liability to the class as a whole on the claims forming the basis of injunctive or declaratory relief." Id. (quoting Allison v. Citgo Petroleum Corp., 151 F.3d 402, 415 (5th Cir. 1998)).

Conversely, incidental damages do not depend on the "intangible, subjective differences of each class member's circumstances" nor require "additional hearings to resolve the disparate merits of each individual's case." Id. (quoting Allison, 151 F.3d at 415). The damages in the case at bar will be based on precisely such "intangible, subjective differences" among class members based on the nature of their exposure in the films. Assessing each individual's damages will necessarily require a hearing or some type of individual inquiry into that person's case. Accordingly, the damages in this case are not "incidental" to the desired injunctive relief, so class certification under Rule 23(b)(2) with respect to all claims is improper.

Instead, the most prudent course is to certify a class pursuant to Rule 23(b)(2) with respect to the injunctive relief sought by Plaintiffs. With respect to the portion of the case seeking monetary damages, however, we decline to certify a class action. Instead, each action will proceed individually. This resolution comports with the relevant rules and case law and accommodates Plaintiffs' desires as set forth on page five of their motion memorandum.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: June 20, 2001